# EXHIBIT A

Case 4:22-cv-02511   Document 1-2   Filed on 07/28/22 in TXSD   Page 2 of 7

6/28/2022 12:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65842438
By: Joshua Hall
Filed: 6/28/2022 12:29 PM

2022-38657 / Court: 269

CAUSE NO. _____

| | | |
|---|---|---|
| BRITTANY WILLIAMS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| | § | |
| *Defendant*. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff Brittany Williams (hereinafter, "Plaintiff"), complains of Defendant Home Depot U.S.A., Inc. (hereinafter, "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1.  Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.  The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3.  Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs to Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

1

## Parties

4.     Plaintiff, Brittany Williams, is an individual residing in Harris County, Texas.

5.     Defendant, Home Depot U.S.A Inc., is a non-resident corporation engaged in business in the state of Texas, with its principal office located in Fulton County, Georgia. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC Lawyers Inco, 211 E. 7thStreet, Suite 620, Austin, Texas 78701.

## Misnomer and Alter Ego

6.     In the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties names herein. Specifically, it is Plaintiff's intent to bring suit against the owners and/or operators of Home Depot located at 7703 North Sam Houston Pkwy W Houston, Texas 77064.

## Facts

7.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about March 30, 2022.  At that time, Plaintiff was working at Defendant's warehouse distribution center located at 7703 North Sam Houston Pkwy W Houston, TX 77064. While working, Plaintiff slipped on a pallet sticker. The slick packaging covering the adhesive on the pallet sticker caused Plaintiff to forcefully roll her ankle. The impact of the injury resulted in Plaintiffs inability to move walk. As a result, Plaintiff was forced to bring her body to the floor prior to receiving support. Due to Defendant's negligence, Plaintiff suffered extensive and severe injuries. At all times material hereto, one or more of Defendant's employees and/or agents supervised the Home Depot warehouse distribution center.

## Non-Subscriber under the Texas Workers Compensation Act

8. Defendant, as a non-subscriber under the Texas Workers' Compensation Act, and pursuant to Section 406.033 of the Texas Labor Code, has lost its common law defenses of:

   a. contributory negligence of Plaintiff;

   b. that the injury was caused by the negligence of a fellow employee; and/or

   c. that the Plaintiff assumed the risk of the injury incident to his employment.

### Negligence

9. Defendant was negligent and/or negligent *per se* for one or more of the following reasons, each of which act and/or omission, individually or collectively, constitutes negligence and/or negligence *per se* which proximately caused the incident and Plaintiff's resulting damages:

   a. Negligent supervision of their subcontractors;

   b. Negligent supervision of their employees;

   c. Failed to avoid and/or protect against work-related hazards;

   d. Failed to provide an adequately safe work environment for the work that Plaintiff was hired to perform;

   e. Failed to ensure the safe operation of permitted machinery and/or vehicles including requirements related to vehicle routing and weight limits;

   f. Negligently conducted active operations on the premises;

   g. Negligent hiring and/or retention of employees;

   h. Negligent training and/or supervision of their employees, invitees and subcontractors;

   i. Acting in a manner below the applicable standard of care;

   j. Violating applicable, local, state, and federal laws and/or;

   k. Other acts so deemed negligence.

10. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

### Damages

11. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

12. By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a. Past and future medical expenses;

   b. Past and future pain, suffering and mental anguish;

   c. Past and future physical impairment;

   d. Past and future physical disfigurement;

   e. Past lost wages and future loss of earning capacity.

13. By reason of the above, Plaintiff was entitled to recover damages from the Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Duty to Disclose

14. Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

### Initial Disclosures

15. Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

### Rule 193.7 Notice

16.     Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, and all such other and further relief, to which she may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM, PLLC**

*/s/ Jared Capps*
**Jared Capps**
Texas State Bar No. 24085236
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shina Forsyth on behalf of John Daspit
Bar No. 24048906
sforsyth@daspitlaw.com
Envelope ID: 65842438
Status as of 6/28/2022 12:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| DLF Intake | | intake@daspitlaw.com | 6/28/2022 12:29:31 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 6/28/2022 12:29:31 PM | SENT |
| Alma Lira | | alira@procativeleagal.com | 6/28/2022 12:29:31 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 6/28/2022 12:29:31 PM | SENT |
| Kenneth Aube | | kaube@daspitlaw.com | 6/28/2022 12:29:31 PM | SENT |